**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ORALIA MAGDALENA SOTELO SOTELO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § § | **CAUSE NO. EP-26-CV-1729-KC** |
| **WARDEN, EL PASO SERVICE PROCESSING CENTER, et al.,** | § § § | |
| **Respondents.** | § § | |

**ORDER**

On this day, the Court considered the above-captioned Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is held in immigration custody within the boundaries of this judicial district, during the pendency of ongoing removal proceedings. *Id.* ¶¶ 3, 18–19, 41. Petitioner has been detained for less than ninety days, since June 18, 2026. *Id.* ¶ 41. Petitioner has not been given a hearing at which the Government articulated an individualized justification for detention without bond. *See generally id.*

On June 25, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. Show Cause Order 2, ECF No. 2. On July 2, Respondents filed their Response, ECF No. 3, arguing that the Petition must be dismissed following *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The same day that the Response was filed, the Fifth Circuit issued its opinion in *Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 1906557 (5th Cir. July 2, 2026).

The *Rodriguez* panel opinion affirmed that people in Petitioner's position, who are (1) detained in the interior of the United States, but (2) were never formally admitted, and (3) are subject to ongoing removal proceedings have no statutory right to bond. *Rodriguez*, 2026 WL

1906557, at \*2–3; *Buenrostro-Mendez*, 166 F.4th at 506–08.  "Even so, the Constitution must also be considered." *Rodriguez*, 2026 WL 1906557, at \*13.  And the core Constitutional promise of due process requires that "the Government may detain aliens under § 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at \*16.

As alleged, Petitioner has been detained under § 1225(b) for less than ninety days without a bond hearing.  If her pre-final removal order detention continues beyond that threshold without such a hearing, her due process rights will be violated. *See id.*  Accordingly, Respondents must either **RELEASE** Petitioner from custody or **PROVIDE** her with a bond hearing.

Specifically, **on or before September 16, 2026**, Respondents must either:

(1) **RELEASE** Petitioner from custody and **FILE** notice of the same; or

(2) **PROVIDE** Petitioner with a hearing at which an adjudicator "articulate[s] an individualized justification for further detention without bond," such as dangerousness or flight risk, *see Rodriguez*, 2026 WL 1906557, at \*16, and **FILE** notice of the same.

**There will be no extensions of the September 16, 2026, deadline**, unless it falls on a weekend or a holiday, in which case, it is extended to the following business day.

Respondents are **CAUTIONED** that a proceeding in which bond was denied for lack of jurisdiction or statutory authority does not constitute an individualized justification that satisfies due process.

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 7th day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE